UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MAYE and JUANITA MAYE,

    Plaintiffs,

    v.    Case No. 09-C-656

OCWEN LOAN SERVICING, LLC,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

### I. BACKGROUND

The plaintiffs, Jerry Maye and Juanita Maye, commenced this action on July 6, 2009, by filing a complaint in the Eastern District of Wisconsin naming Fidelity Mortgage Inc. ("Fidelity"), Delta Funding Corporation, Ocwen Loan Servicing, LLC ("Ocwen") and John Does 1-5 as the defendants. The case was originally assigned to Chief United States District Judge Charles N. Clevert, Jr. On January 27, 2010, Judge Clevert issued an order requiring the dismissal of all claims against Fidelity, Delta Funding Corporation and John Does 1-5 unless the plaintiffs effectuated service of process on the specified defendants before February 17, 2010. On January 29, 2010, the plaintiffs filed a notice of voluntary dismissal as to Fidelity and Delta Funding Corporation. On February 17, 2010, Judge Clevert issued an order dismissing John Does 1-5 and transferring the action to this branch of the district court based upon the consent of the remaining parties to magistrate judge jurisdiction.

Currently before the court is a motion to dismiss the plaintiffs' complaint filed by Ocwen on July 21, 2009. The defendant's motion is fully briefed and is ready for resolution. The core issue presented in the defendant's motion to dismiss is whether, under the Truth In Lending Act, an allegation in a complaint that the plaintiffs are unable to determine what ownership interest, if any, a loan servicer held in a particular mortgage is sufficient to survive a motion to dismiss under

Fed. R. Civ. P. 12(b)(6). I believe that, for the moment, the plaintiffs' allegation provides the plaintiffs with an opportunity to take discovery for the limited purpose of determining what ownership interest, if any, Ocwen held in their mortgage. As a result and for the reasons stated below, the defendant's motion to dismiss will be denied.

## II. STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950. "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. However, the court is not required to "ignore any facts alleged in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Gray v. County of Dane*, 854 F.2d 179, 182 (7th Cir. 1988).

## III. DISCUSSION

The plaintiffs' complaint seeks relief from the defendants under the Truth In Lending Act, 15 U.S.C. § 1601 et. seq. ("TILA") and implementing Federal Reserve Board Regulation Z,

2

12 C.F.R. part 226, based upon Fidelity's alleged failure to provide each plaintiff with the required notice of the plaintiffs' three-day right to cancel their mortgage loan as required by 15 U.S.C. § 1635(a) and 12 C.F.R. § 226(b). (Pls.' Compl. ¶ 1.) But, and as noted above, Fidelity is no longer a party to this action. Indeed, the only remaining defendant in this action is Ocwen. In particular, the complaint alleges that Ocwen "acted as Fidelity's agent by collecting payments from [plaintiffs'] mortgage loan. Further, Ocwen may have collected fees from plaintiffs, which were not passed on to the mortgage loan's owner." (Pls.' Compl. ¶ 10.) In other words, Ocwen was the loan servicer for the plaintiffs' loan with Fidelity. *See* 12 U.S.C. § 2605(i)(2), (3) (stating that the "servicer" is the entity responsible for receiving scheduled periodic payments from the borrower and making any payments of principal and interest that are required under the terms of the loan).

All of which brings the court to the basis for Ocwen's motion. Ocwen contends that 15 U.S.C. § 1641(f)(1) exempts loan servicers such as Ocwen from liability under TILA "unless the servicer is or was the owner of the obligation." (Def.'s Mot. at 2.) In support of this position, Ocwen cites to the district court's opinion in *Stump v. WMC Mortgage Corp.*, wherein the court stated that "[a]s TILA imposes liability only on purchasers and assignees of mortgages, loan servicers cannot be held liable under TILA." 2005 U.S. Dist. LEXIS 4304, at *30 (E.D. Pa. March 16, 2005).

In response to the defendant's argument, the plaintiffs contend that they do not concede in their complaint that Ocwen was only a servicer of the plaintiffs' loan for purposes of TILA. Based upon this court's review of the plaintiffs' complaint, the pertinent portion of the complaint states that the plaintiffs "[do] not know the extent of Ocwen's interest or ownership in [plaintiffs'] loan." (Pls.' Compl. ¶ 10.) Based upon the above, the plaintiffs assert that "[i]t is not reasonable to expect the plaintiffs to know all the details of the behind-the-scenes progression of their loan when it is assigned

3

to different parties. Such a determination is one that should be made after discovery." (Pls.' Br. at 5.)

Simply put, the plaintiffs have stated enough in their complaint to justify discovery on the issue of whether Ocwen at any time had an ownership interest in the plaintiffs' mortgage with Fidelity. That said, the plaintiffs' complaint barely crosses the Fed. R. Civ. P. 12(b)(6) threshold and the court is only allowing the plaintiffs to proceed with discovery on this limited and narrow issue. After the completion of discovery on this issue, the court will conduct a scheduling conference with the parties to discuss with them what further steps will be needed to bring this case to final resolution.

Finally, because the plaintiffs state that they have no intention of arguing that a "pure servicer (i.e. one who has never held an ownership interest in the subject loan) is a necessary party under Fed. R. Civ. P. 19, after the loan has been paid off," (Pls.' Br. at 5), the court will not address that issue at this time.

**NOW THEREFORE IT IS ORDERED** that Ocwen's motion to dismiss be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiffs shall have until on or before April 30, 2010 to complete discovery with regard to the extent of any ownership interest Ocwen had in the plaintiffs' mortgage with Fidelity;

**IT IS FURTHER ORDERED** that a scheduling conference will be conducted on May 5, 2010, at 10:00 a.m. in Room 253 of the U.S. Courthouse, 517 E. Wisconsin Avenue, Milwaukee, WI 53202.

**SO ORDERED** this 23rd day of February 2010 at Milwaukee, Wisconsin.

                                              **BY THE COURT:**

                                              s/ William E. Callahan, Jr.
                                              WILLIAM E. CALLAHAN, JR.
                                              United States Magistrate Judge